## CROPLEY *v.* VOGELER.

SEVENTY-THIRD RULE; CONSTITUTIONALITY OF.

1. An affidavit of defense under the seventy-third rule of the Supreme Court of the District, in an action for goods sold and delivered, which alleges a contract with some one else than the plaintiff, and then asserts that this other contract was not complied with, the goods delivered being not of the quantity and quality ordered by the defendant, does not comply with the requirements of the rule and present a sufficient defense to the plaintiff's claim.

2. The seventy-third rule of that court contemplates and requires of a defendant, a brief and comprehensive statement of facts, or what he supposes to be facts and honestly expects to prove at the trial, which would be sufficient in law, if adequately supported by testimony, to constitute a valid defense to the suit.

3. A rule of court which provides that in actions *ex contractu,* if the plaintiff shall have filed at the time of bringing his suit an affidavit setting out his cause of action and the amount he claims to be due, he shall be entitled to a judgment unless the defendant shall file a counter affidavit denying the right of the plaintiff to recover and stating the grounds of the defense, is not in derogation of the constitutional right to trial by jury.

4. Nor is the subject matter of such a rule more properly for legislative action than for judicial intervention ; but such a rule is a proper rule of practice to facilitate the administration of justice and to prevent abuses of the processes of the court making it.

No. 137. Submitted November 21, 1893.—Decided December 4, 1893.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, holding a law term, under the seventy-third rule of that court in an action on an open account. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a judgment of the Supreme Court of the District of Columbia, in a suit at common law, rendered under what is known as the 73d of the general rules of that court, which we have already had before us several times, but which may be proper to quote here again. It is in the following terms:

" In any action arising *ex contractu,* if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."

The plaintiff Vogeler sued the defendant Cropley on the common counts for the value of certain drugs and chemicals sold and delivered. Annexed to his declaration was a detailed statement or bill of particulars, and also an affidavit in due form, sufficient under the foregoing rule to authorize a judgment in his favor, in the absence of a sufficient show-

ing of a defense. The defendant filed pleas of the general issue; and with them an affidavit* to the effect that he had bought drugs and chemicals from one Scharf, and not from the plaintiff Vogeler; that he had received only part of the goods purchased; that the goods received were not of the quantity and quality which the defendant had ordered; that the part not received was a material part of the order; that the prices charged in the plaintiff's bill were in excess of the market prices, and were not reasonable and just; and that the pleas were "true in substance and part." What is meant by this last statement is not quite apparent. A motion for judgment was made under the rule, on the ground of the insufficiency of the defendant's affidavit; and the court allowed the motion and entered judgment. From this judgment, which was in special term, the defendant appealed to the General Term, whence it has come to us for determination.

*Mr. J. J. Waters* for the appellant (*Mr. W. S. Jackson* was with him on the brief):

---

* *Defendant's Affidavit.* DISTRICT OF COLUMBIA, *ss:* I, Thomas L. Cropley, defendant in the above-entitled cause, on oath, say:

1. That I am the party served with process as defendant in this cause.

2. That the bill for which said suit is brought is for certain goods, drugs and chemicals, claimed to have been sold to affiant by the plaintiff, Jerome I. Vogeler.

3. Affiant states that he did contract for certain first-class drugs and chemicals with one Scharf (not Jerome I. Vogeler) to be delivered to him, but not at the current prices or rates between June 18 and June 30, 1892, as set forth in plaintiff's affidavit.

4. Affiant states that he has received only a part of said goods, drugs and chemicals which are not the quality nor quantity specified in affiant's order.

5. That affiant is a druggist and chemist, and that part of said goods received were a material part of the goods ordered, but not received, which prevented affiant from compounding certain drugs and prescriptions in his business as druggist and chemist.

6. That the prices charged in plaintiff's bill of particulars were not the market prices of such goods as were received, but the prices charged in the bill of particulars are in excess of the then market prices, and are not reasonable and just, and affiant avers that he never agreed to pay the same, and that the pleas hereto annexed are true in substance and part. Sworn to before me this 31st day of October, 1892.

[SEAL]      JEREMIAH FICKLING, *Notary Public.*

An affidavit of defense under the 73d rule is not insufficient because it does not set forth the parts pertaining to the defense with all the strict particularity required in a special pleading; it is only necessary that such parts shall be stated as reasonably show, fairly construed, that the defendant has a substantial defense to the whole or part of the plaintiff's demand. *Nat. Met. Bank* v. *Hitz*, MacA. & Mackey, 198; *Thornton* v. *Weser*, 20 D. C. 233; *Lulley* v. *Morgan*, Wash. Law Reporter, Vol. XX, No. 43, p. 677; *Hodge* v. *Mason*, Id., Vol. XX, No. 52, p. 834.

*Mr. Clarence A. Brandenburg* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

It is argued on behalf of the appellant: 1st. That his affidavit was sufficient under the rule; and 2d. That the rule itself was an unconstitutional and illegal exercise of power by the court, and therefore void.

1. With regard to the first point, we have no hesitation in saying that we do not regard the defendant's position as well taken. It is not often, in our opinion, that an affidavit more utterly insufficient is presented than in this instance. It wants every essential element of a good affidavit of defense. It is wanting in specification and precision from beginning to end. Fairly construed, it presents no defense whatever to the plaintiff's claim. It first alleges a contract with some one else than the plaintiff, and then proceeds to state that this other contract has not been complied with. If the defendant never had any such transaction with the plaintiff as the latter claims, it was very easy for him to have so stated, and to swear to the statement; and then all reference to the character of the goods would have been unnecessary. In that event, insufficient performance by another person of a contract between that other person and the defendant would have been wholly irrelevant. If, on the other hand, the defendant did have some such transaction with the plaintiff, either directly or through the agency of another person, it was easy enough to specify what was the order given, where-

in the delivery was deficient, and wherein the quantity and quality were deficient, and to what extent the prices charged were in excess of the alleged market prices. Nothing of this sort was done, and a more indefinite affidavit can scarcely be conceived than that which the defendant has filed in this case.

The requirements of the rule seem to be plain and simple enough. Proof is not required by it; details would be improper and conclusions of law impertinent. A brief and comprehensive statement of facts, or what the defendant supposes to be facts and honestly expects to prove at the trial, which would be sufficient in law, if adequately supported by testimony, to constitute a valid defense to the suit, is what the rule contemplates and requires.

The purpose of the rule undoubtedly was to expedite the administration of justice, and thereby effectually to do justice. The defendant who honestly believes that he has a good defense will have no difficulty in formulating an affidavit in accordance with its requirements. The defendant who has no honest defense ought to be precluded from the use of the processes of the courts to delay and hinder a plaintiff in the enforcement of his just claim; and usually failure to comply with the rule is sufficient indication that there is no good defense.

2. As to the question of the constitutionality of this rule, which it is desirable to settle so far as we may settle it, we understand that this is not the first time that it has been raised. It was before the Supreme Court of the District of Columbia in the case of *The National Metropolitan Bank* v. *Hitz*, MacArthur & Mackey, 198; and the power of the court to make the rule was there affirmed. We are also advised that the question was passed upon at one time by the Supreme Court of the United States to the same effect; but we find no evidence of this in any of the published reports of that court. It may be, therefore, that we are justified in regarding the question, so far as we are concerned, an open one; and we should endeavor to set it at rest if we may.

The contention is that the rule is in derogation of the constitutional right to trial by jury, as well as an exercise by the court of a power that properly belongs, if anywhere, to the legislature.

The Seventh Amendment to the Constitution provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." And in the Fifth Amendment there is the provision that "no person shall be deprived of life, liberty, or property, without due process of law." And, in view of these provisions, it is claimed that a defendant cannot lawfully be deprived by any rule of court, or even by a legislative enactment, of his absolute and unqualified right to trial by jury, which it is argued that this rule seeks to do by the substitution of trial by affidavit for trial by jury.

The argument is specious but not substantial. The evident meaning of the Constitution is that trial by jury, as it existed at the common law at the time of its adoption, should be preserved; and trial by jury at common law was the mode provided for the determination of issues of facts in suits at common law when those issues had been evolved from the pleadings. A suit at common law might well result, and frequently does result, in an issue of law, through the instrumentality of a demurrer, and assuredly it will not be claimed that in such cases there is any right to trial by jury. And it may possibly be that there are even yet other issues which have their own peculiar modes of trial, and are not proper for the intervention of a jury. Until an issue of facts is evolved in a suit, there is nothing to be tried by a jury; and consequently there can be no right to trial by jury. Pleadings have been instituted for the purpose of evolving issues between the parties, and these pleadings are conducted under the control and supervision of the court. They are subject to be fashioned and shaped by the court, and so regulated as that they will best elicit the ultimate matter in controversy between the parties—in other words, an issue of fact or an issue of law. If a party fails to plead at all, or if he

fails to plead at the proper time or in the proper manner, or if he interposes a frivolous or an improper plea, and thereby virtually declines to co-operate in eliciting an issue, it would be most absurd to claim that he would be entitled to his trial by jury anyhow; and yet this is the conclusion to which the argument on behalf of the appellant would inevitably lead.

Now, as the court has the right to oversee and regulate the pleadings, it necessarily has also the right to prescribe what those pleadings shall be, and the rules of practice whereby the business of the court shall be properly conducted. This is a power inherent in every court of general jurisdiction by virtue of its constitution. *Fullerton* v. *Bank of U. S.*, 1 Peters, 604; *Clarke* v. *Magruder*, 2 Harris & Johnson, 79. In establishing the Supreme Court of the District of Columbia, the Congress thought proper to affirm this right by providing that said court " may establish such rules as it may deem necessary for regulating the practice of the court." Rev. Stats. U. S. for D. C., Sec. 770. And in the exercise of its inherent power and of the jurisdiction so conferred upon it, that court promulgated the rule in question among others.

Why is the rule not a proper exercise of the power of the court to make rules of practice? Certainly no court is under any obligation to permit its processes to be used to delay and hinder justice, or to enable a debtor to harass or defraud his creditor, when courts are established for the very opposite purpose. And no person is entitled to use the processes of a court of justice, be he plaintiff or defendant, without giving guarantees of good faith if such should be required. The rapid increase of the business of the courts in recent times, sufficient sometimes to block the administration of justice, and the facility with which unscrupulous persons may use the ancient processes for the purpose of fraud and delay, have induced throughout the United States the adoption of a very general modification of our system of pleading and practice, and the substitution in place of the old of new forms, based to a great extent on the

processes of the civil law. In the codes of procedure adopted in a large number, perhaps now in a majority, of the States of our Union, the pleadings of the common law have been superseded by a simpler procedure of complaint and answer, both under oath, the purpose of which is to give the plaintiff more speedy justice, if he is entitled to it, and to compel the defendant, at the earliest possible stage of the proceedings, to disclose whether he has a genuine and *bona fide* defense or not. The rule under consideration was undoubtedly intended to a limited extent to accomplish the same purpose.

Now this course of procedure is not intended and does not have the effect to prevent a person from having an honest defense submitted to the arbitrament of a trial by jury. But it is intended, and does have the effect to prevent the abuse of the right of trial by jury when there is no *bona fide* defense and no honest issue to be tried by a jury. There is no magical effect in a mere verbal formula, designated by the name of plea, which in itself may be without the slightest foundation in truth, that should give it the force and strength of a constitutional fortress behind which a dishonest debtor may protect himself with the cry of "trial by jury." Constitutional guarantees are intended to protect the right, not to shield the wrong; and the plain scope and effect of the rule under consideration are to give due force to those guarantees and to prevent their abuse.

All the States of our Union have provisions in their organic law identical with those in our Federal Constitution, for the preservation of the right of trial by jury. We have yet to hear that in any State of the Union which has adopted such a code of procedure as we have mentioned, it has ever been held that such procedure was in antagonism to its constitutional guarantees. We find no such antagonism between this rule and our Federal Constitution.

It is argued further, however, that the rule is objectionable because it deprives parties of the right of cross-examination, prevents the credibility of witnesses from being

passed upon by a proper tribunal, and gives to the affidavit of a person unworthy of belief the same force and effect as the affidavit of the most scrupulously truthful person. This argument greatly mistakes the functions of the rule and the conditions on which it is intended to operate; and it assumes as a fact, what no system of jurisprudence could tolerate for a moment, that an eminently untruthful man may not have a just claim against an eminently truthful person.

The plain answer to the argument is, that either there is a good defense to a suit, or there is none. If there is no defense, it matters not what the character of the plaintiff is for truth and veracity. If there is a defense, and the defendant sets it forth, as it is both his right and his duty to do under this rule, his affidavit necessarily prevails over that of the plaintiff, and the controversy is remitted for decision to a trial by jury.

There remains perhaps the question whether, even if the rule is not in itself unconstitutional, the subject matter of it is not more properly for legislative action than for judicial intervention. This question was suggested rather than argued by counsel, and we do not deem it necessary to go into it at any length. From what we have already stated, it is apparent in our opinion that the rule is a proper rule of practice to facilitate the administration of justice and to prevent abuse of the processes of the court. And being of that opinion, we must hold that it was properly within the power of the court to establish the rule.

At the risk of being somewhat prolix in our investigation of this question, we have deemed it proper to settle, so far as we may by our decision, the doubts in regard to the validity of this rule, which seem to have periodically reappeared from time to time, and to give our sanction to it as a useful and appropriate rule of practice.

*The judgment of the court below in this case must be affirmed with costs ; and it is so ordered.*